# Guarantee Trust and Safe Deposit Company of Philadelphia *v.* Scott, Appellant.

*Trust and trustees—Appointment of trustee—Act of June 14, 1836.*

Where the several owners of an undivided interest in real estate convey the land by deed to a person who is the president of a trust company in trust to collect the income and apply it to the payment of debts, and after debts are paid to reconvey it to the owners, and subsequently certain of the owners mortgage their interest to the trust company, and thereafter the trustee dies, the trust company has a standing to petition the court under the act of June 14, 1836, to have a trustee appointed to fill the vacancy.

Argued April 1, 1901. Appeal, No. 12, Jan. T., 1901, by defendant, from decree of C. P. No. 2, Phila. Co., Dec. T.,

1894, No. 502, appointing trustee in the case of Guarantee Trust and Safe Deposit Company of Philadelphia v. Walter Scott et al. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Petition for the appointment of a trustee.

From the record it appeared that appellee is the mortgagee, by separate mortgages, of the interests, as cestui que trust, of seven of the children of the late Freeman Scott in real estate, largely consisting of a farm, still unsold, of upwards of eighty acres in the suburbs of the city of Philadelphia. Said mortgages secure bonds given for loans made in the years 1882, 1883, 1884 and 1885, aggregating upwards of $41,000. The interest due upon said bonds exceeds in the aggregate the amount of the original principal.

In 1880, the real estate of said Freeman Scott was conveyed to Thomas Cochran by the eleven children of Freeman Scott, deceased, in fee simple in trust, as follows:

For the use and benefit of the said heirs of Freeman Scott, deceased, their heirs and assigns, upon the trusts, powers and conditions therein contained, and which trusts were generally, that the said trustee, without joining the said heirs, should have the sole, absolute and exclusive power to grant, bargain, sell, assign, convey and mortgage any part or parts, or the whole of said property, clear of said trusts; to pay the expenses of the trust; to pay all taxes, claims or incumbrances on said premises; to pay the taxes, claims, indebtedness or incumbrances on a certain property situate on Columbia avenue, between Broad and Sixteenth streets, and running north to Monument cemetery, and included in the deeds hereinafter mentioned; to pay Mattison Coon a certain sum of money therein stated due to him by the estate of Freeman Scott, deceased. And the said trustee, in said declaration, agreed with the said heirs to pay all moneys remaining in his hands, and to reconvey the said premises remaining in his possession to the said heirs, their heirs and assigns, as they might direct and require, whenever and as soon as all the claims, debts, taxes and incumbrances mentioned in said declaration were fully paid and satisfied.

Cochran died on or about October 1, 1899.

All the cestuis que trust were notified of the filing of the petition and of its prayer.   In their answer they claimed that the trust was not vacant by reason of the death of Cochran, but that in consequence of the relations which had existed between the appellee and Cochran during the lifetime of the latter, it was in fact trustee.   In their answer the appellants further insisted that if the trust was vacant, the petitioner had no such interest in the property as entitled it to demand the filling of the vacancy by the appointment of a new trustee.

The court entered a decree appointing William Righter Fisher, trustee.

*Error assigned* was the decree of the court.

*Gustavus Remak, Jr.*, for appellants, cited: McCandless's App., 98 Pa. 489; Stewart v. Allegheny Nat. Bank, 101 Pa. 342; Duke v. Hague, 107 Pa. 57; Keene's Est., 60 Pa. 504; Ross v. Barclay, 18 Pa. 179.

*John G. Johnson*, with him *Richard P. White*, for appellee, cited: Tryon v. Munson, 77 Pa. 262; Britton's App., 45 Pa. 172.

PER CURIAM, May 27, 1901:

The specifications of error in this case are three in number. It is alleged in them that the learned judge of the court below erred in appointing William Righter Fisher, Esq., as the trustee of the real estate late of Freeman Scott, deceased.   It is also alleged therein that the court was without jurisdiction to appoint a trustee upon the petition of the plaintiff as a creditor of distributees under the trust, and that he erred in not dismissing said petition.   To the third specification of error we may add that the appellants allege that the court erred in entering a decree without finding that the plaintiff is a trustee, or co-trustee of the estate of Freeman Scott, deceased, or in declining to assert that the plaintiff is in any manner a trustee of the estate of the said Freeman Scott, deceased.

In the specifications of error to which we have referred, and in the decree entered by the court below, we fail to detect any error which requires a reversal of the latter, or renders necessary an extended discussion of the former.   The careful consid-

eration that we have given to the case has convinced us that no error was committed by the learned judge of the court below in disposing of it, and that no injustice has been done to either party to it. We therefore dismiss the specifications and affirm the decree.

Decree affirmed.